IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

TIMOTHY BINFORD,                                   CV. 10-945-MA

        Petitioner,                            OPINION AND ORDER

    v.

JEFFREY THOMAS, Warden, FCI
Sheridan,

        Respondent.

TIMOTHY BINFORD
10114-085
Sheridan Federal Correctional Institution
Inmate Mail/Parcels
P.O. Box 5000
Sheridan, OR 97378

    *Pro Se*

DWIGHT C. HOLTON
United States Attorney
KEVIN C. DANIELSON
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2902

    Attorneys for Respondent

MARSH, Judge

    Petitioner Timothy Binford, an inmate at FCI Sheridan, brings this habeas corpus proceeding pursuant to 28 U.S.C. § 2241,

1 - OPINION AND ORDER

challenging the Bureau of Prisons' (BOP's) alleged failure to properly address his request for a transfer to a residential reentry center (RRC) pursuant to 28 U.S.C. § 3621(b). For the reasons that follow, petitioner's habeas corpus petition is DENIED, and this proceeding is DISMISSED.

## BACKGROUND

### I. Factual Background.

Petitioner is currently serving a 188-month sentence for Armed Bank Robbery in violation of 18 U.S.C. § 2113. Petitioner's projected release date is January 2, 2014, via good conduct time.

On June 22, 2010, petitioner submitted an Inmate Request to Staff Member seeking a transfer to an RRC pursuant to 18 U.S.C. § 3621(b) so he could re-establish ties to the community and assist in raising his children. Petitioner was advised by staff that his request would be considered during his next Program Review.

On August 11, 2010, petitioner filed his current petition for writ of habeas corpus.

On October 6, 2010, petitioner had a regularly scheduled Program Review. During his Program Review, petitioner's Unit Team considered his RRC transfer request. The Unit Team denied petitioner's transfer request, providing the following rationale:

> Mr. Binford has requested transfer to RRC in accordance with [18 U.S.C. § 3621(b)]:
>
> 1) Facility routine BOP contract RRC. Facility is not commensurate with inmates (sic) current custody level of

"IN." At this time in accordance with P.S. 5100.08[1] inmate scores as Medium level with "IN" custody.

2) Binford was convicted of Armed Bank Robbery. During the robbery orchestrated by Binford one of the co-defendants pointed a weapon directly at the teller which went off while co-defendant was grabbing cash from the victim teller.

3) Binford has received several moderate level incident reports during incarceration. Average level of programming. No programming to address victims of crime or to make amends for crime.

4) No judicial recommendations for reason, place or level of incarceration.

5) No Sentencing Commission policy statements.

Unit team is denying request for Less Secure transfer. Mr. Binford is house at appropriate level facility for his correctional and public safety needs. (Declaration of Paul E. Perona (#9)(Perona Dec.), Attachment 6, p. 13.)

## II. **Statutory Background.**

Congress has delegated to the BOP the authority to make all inmate placement determinations in two statutes: 18 U.S.C. §§ 3621(b) and 3624(c). Under § 3621(b), the BOP is delegated broad discretionary authority to determine the proper placement of inmates at the start of an inmate's prison term. E.g., Rodriquez v. Smith, 541 F.3d 1180, 1182 (9th Cir. 2008). Placement designations require consideration of five statutory factors:

---

[1]The BOP classifies and designates inmate placements according to Program Statement 5100.08, *Inmate Security Designation and Custody Classification* (2006). The full text of Program Statement 5100.08 is available at http://www.bop.gov/policy/progstat/5100_008.pdf.

3 - OPINION AND ORDER

>     (1) the resources of the facility contemplated;
>     (2) the nature and circumstances of the offense;
>     (3) the history and characteristics of the prisoner;
>     (4) any statement by the court that imposed the sentence-
>         (A) concerning the purpose for which the sentence to imprisonment was determined to be warranted; or
>         (B) recommending a type of penal or correctional facility as appropriate; and
>     (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.  18 U.S.C. § 3621(b).

The BOP must consider these same five factors when transferring inmates in its custody.  18 U.S.C. § 3621(b).  Rodriguez, 541 F.3d at 1188; Levine v. Apker, 455 F.3d 71, 85 (2d Cir. 2006); Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 247 (3d Cir. 2005). Section 3621(b) governs the BOP's placement authority when inmates with more than a year left to serve on their sentences request RRC transfers.  Sacora v. Thomas, 628 F.3d 1059, 1062 (9th Cir. 2010).

Under 18 U.S.C. § 3624(c), the BOP is required to evaluate inmates for RRC placement near the end of their sentences to prepare prisoners for reentry into the community.  Sacora, 628 F.3d at 1062.

Under 18 U.S.C. § 3625, entitled Inapplicability of the Administrative Procedure Act (APA), Congress specified that "[t]he provisions of sections 554 and 555 and 701 through 706 of [the APA] do not apply to the making of any determination, decision, or order" under 18 U.S.C. §§ 3621-3625.  18 U.S.C. § 3625; Reeb v.

4 - OPINION AND ORDER

Thomas, 2011 WL 723106, *2 (9th Cir. Mar. 3, 2011); Johnston v. Thomas, 2010 WL 2574090 (D. Or. June 24, 2010).

## DISCUSSION

In the instant proceeding, petitioner raises one claim of relief – that the BOP failed to properly address his request for a transfer to an RRC. Broadly construing petitioner's claim, petitioner's argument appears twofold: (1) the BOP has not properly applied the placement factors of § 3621(b) to his RRC request; and (2) the BOP's interpretation of § 3621(b) categorically limits consideration of RRC placements to the final portion of an inmate's sentence.

Respondent moves to deny habeas corpus relief on several grounds: (1) this court lacks jurisdiction to review the BOP's individualized RRC placement determination under 28 U.S.C. § 3625; (2) the BOP has properly considered his claim under § 3621(b); (3) petitioner's claim is moot; and (4) petitioner has failed to exhaust his administrative remedies.

**I. This Court Lacks Jurisdiction to Hear Petitioner's Challenge under § 706(2)(A) of the APA.**

Respondent contends that to the extent petitioner is arguing that the BOP's denial of his transfer request is arbitrary and capricious under 5 U.S.C. § 706(2)(A) of the APA, this court lacks jurisdiction to hear petitioner's claim. According to respondent, 18 U.S.C. § 3625 precludes judicial review of petitioner's

5 - OPINION AND ORDER

contention that the BOP "fail[ed] to properly apply the placement factors of 18 U.S.C. § 3621(b)." (Petitioner's Brief (#11) p. 3-4.) I agree.

The APA provides a cause of action for persons suffering a legal wrong because of adverse agency action, and agency actions can be held unlawful when those actions are arbitrary, capricious, or an abuse of discretion. 5 U.S.C. §§ 702, 706(2)(A); Reeb, 2011 WL 723106 at *1.

The Ninth Circuit recently determined that 18 U.S.C. § 3625 precludes judicial review under the APA of certain individualized determinations by the BOP. Reeb, 2011 WL 723106 *1. In Reeb, the petitioner challenged the BOP's decision to expel him from an intensive drug treatment program for federal inmates know as RDAP. As the Reeb court discussed, the BOP has broad statutory discretion over the entire RDAP program under 18 U.S.C. § 3621(e), and inmates who successfully complete RDAP are eligible for a up to a one year sentence reduction. Reeb, 2011 WL 723106 at *1. The petitioner in Reeb contended the BOP lacked a rational basis for expelling him from RDAP under § 706(2)(A) of the APA. Id.

The Reeb court concluded that it lacked jurisdiction to hear the claim, holding that 18 U.S.C. § 3625 unambiguously specified that judicial review under the APA was precluded:

> To find that prisoners can bring habeas petitions under
> 28 U.S.C. § 2241 to challenge the BOP's discretionary
> determinations made pursuant to 18 U.S.C. § 3621 would be

6 - OPINION AND ORDER

inconsistent with the language of 18 U.S.C. § 3625. Accordingly, any substantive decision by the BOP to admit a particular prisoner into RDAP, or to grant or deny a sentence reduction for completion of the program, is not reviewable by the district court. The BOP's substantive decisions to remove particular inmates from the RDAP program are likewise not subject to judicial review. Reeb, 2011 WL 723106 at *2.

I find Reeb instructive. Like the RDAP program the BOP administers under § 3621(e), the BOP in this case has the sole authority to make RRC placement determinations under § 3621(b). And, like the RDAP determination in Reeb, the BOP's decision to deny petitioner's RRC transfer request in this case is a substantive, discretionary determination by the BOP. Therefore, like the RDAP decisions in Reeb, I conclude that RRC placement decisions are properly left to the BOP's discretion.

Accordingly, I conclude that the BOP's substantive, discretionary RRC decisions are not reviewable in the district court pursuant to § 706(2)(A) of the APA. Reeb, 2011 WL 723106 at *2; accord Johnston, 2010 WL 2574090 at *6. Thus, to the extent that petitioner alleges the BOP's denial of his RRC transfer request was arbitrary and capricious, this court lacks jurisdiction to hear the claim.

**II. The BOP Applied the Five Factors of § 3621(b).**

To establish relief under § 2241, petitioner must show that he is "in custody in violation of the Constitution or laws" of the United States. 28 U.S.C. § 2241(c)(3). As petitioner concedes, he

has no Constitutional right to be placed in a particular institution. Meachum v. Fano, 427 U.S. 215, 224 (1976). And, it is undisputed that the BOP must consider the five factors set forth in 18 U.S.C. § 3621(b) when making placement decisions, including RRC placements. Rodriguez, 541 F.3d at 1188.

In this case, petitioner requested a transfer to an RRC on June 22, 2010. Pursuant to BOP policy, petitioner was informed that his transfer request would be considered at his next regularly scheduled Program Review. (Perona Dec., p. 2.) Petitioner immediately filed this action. Contrary to petitioner's suggestion, he is not entitled to immediate consideration of his RRC request. Indeed, inmates are not entitled to individualized consideration of the factors in § 3621(b) any time an inmate so requests. Calloway v. Thomas, 2009 WL 1925225, *7 (D. Or. July 1, 2009)(finding BOP not required to consider inmate RRC requests on demand); accord Berry v. Sanders, 2009 WL 789890, *5 (C.D. Cal. March 20, 2009)(stating that post-Rodriguez, the BOP may exercise its discretion under § 3621(b) to place an inmate in an RRC, but the BOP is not obligated to do so); Stockton v. Adler, 2008 WL 5136133, *3 (E.D.Cal. Dec. 8, 2008), adopted in full, 2009 WL 188145 (E.D.Cal. Jan. 23, 2009)(inmate has no statutory right to immediate assessment or transfer under § 3621(b)); Comito v. Federal Bureau of Prisons, 2008 WL 850216, *6 (E.D.Cal. March 28, 2008), adopted 2008 WL 2219976 (E.D.Cal. May 27, 2008)(same). See

8 - OPINION AND ORDER

also Miller v. Whitehead, 527 F.3d 752, 757 (8th Cir. 2008)(an inmate is not "entitled to a full-blown analysis of a request to transfer, involving individualized consideration of all five factors in § 3621(b), whenever the inmate chooses to make such a request").

The record demonstrates that the BOP evaluated petitioner's RRC transfer request on October 6, 2010. As noted above, Mr. Perona discussed how the BOP considered the five statutory factors of § 3621(b). (Perona Dec. p. 3.) Mr. Perona provides details concerning application of each of the five factors in petitioner's case. (Id. at 3-4 & Attachments 6 & 7.) The BOP denied petitioner's RRC transfer request because "he is currently housed at the appropriate level facility for his correctional and public safety needs." (Perona Dec. p. 4.) It is evident that the BOP provided the individualized consideration required under § 3621(b). The statute does not require more.

In short, I conclude that petitioner has failed to demonstrate that the BOP was acting contrary to or outside the broad authority of § 3621(b), and therefore, habeas relief is denied.

**III. Petitioner's challenge to the BOP's statutory interpretation of § 3621(b) fails.**

To the extent that petitioner challenges the BOP's statutory interpretation of § 3621(b) and the BOP's policies incorporating any changes required by § 3624(c), his arguments have been

9 - OPINION AND ORDER

rejected. Sacora, 628 F.3d at 1066-70. Based on the reasoning in Sacora, petitioner is not entitled to habeas relief.

In light of my above holdings, I decline to address respondent's remaining arguments that the petition is moot and that petitioner has failed to exhaust his administrative remedies.

## CONCLUSION

Based on the foregoing, petitioner's petition for writ of habeas corpus (#1) is DENIED, and this proceeding is DISMISSED.

IT IS SO ORDERED.

DATED this _10_ day of MAY, 2011.

_/s/ Malcolm F. Marsh_____
Malcolm F. Marsh
United States District Judge
